IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**ROBERT HENDRICKSON**
35 Crescent Avenue
Niantic, CT 06357

    *Plaintiff,*

v.

**WFI STADIUM, INC., d/b/a**
**FEDEX FIELD**
1600 FedEx Way
Landover, MD 20785

*Serve*:

    CSC- Lawyers Incorporating Service Co.
    7 Saint Paul St.
    Suite 820
    Baltimore, MD 21202

~and~

**PRO-FOOTBALL, INC., a/k/a**
**WASHINGTON COMMANDERS**
**FOOTBALL TEAM, f/k/a**
**WASHINGTON FOOTBALL TEAM,**
**f/k/a WASHINGTON REDSKINS**
**FOOTBALL TEAM**
7 St. Paul St., Suite 820
Baltimore, MD 21202

*Serve*:

    CSC- Lawyers Incorporating Service Co.
    7 Saint Paul St.
    Suite 820
    Baltimore, MD 21202

    *Defendants.*

Case No.: CAL22-28011

```
Case: CAL22-28011
NEW CASE
APP FEE PLAIN        10.00
CV CLERK FEE-        80.00
MD LEGAL SERV        55.00
RIF - NEW CAS        30.00
TOTAL               175.00
Rest PG20    Rcpt # 58548
MEL    RHJ   Blk # 901
Sep 14, 2022        02:39 PM
```

# COMPLAINT

***COME NOW*** Plaintiffs, by and through undersigned counsel, and respectfully make this Complaint against Defendants WFI Stadium, Inc. d/b/a FedEx Field and Pro-Football, Inc. a/k/a Washington Commanders Football Team, and for his claim states:

## JURISDICTION

1. Personal jurisdiction exists over Defendants under Md. Code Ann., Courts and Judicial Proceedings Act §§ 6-102 and 6-103 (2022).

2. This Court has subject matter jurisdiction to hear this claim under Md. Code Ann., Courts and Judicial Proceedings Act § 1-501 (2022).

3. Venue lies in the Circuit Court for Prince George's County as the cause of action arose there.

## PARTIES

4. Plaintiff Robert Hendrickson is and at all times relevant to this action was an adult resident of the State of Connecticut.

5. Defendant WFI Stadium, Inc. (hereinafter "Stadium") is a corporation organized under the laws of the State of Maryland and owned, operated, managed, maintained, and controlled a property commonly known as FedEx Field, including its 80,000-seat capacity stadium, used for sporting events and other entertainment.

6. Defendant Pro-Football, Inc., is a corporation organized under the laws of the State of Maryland and owned, operated, managed, maintained, and controlled a property commonly known as FedEx Field, including its 80,000-seat capacity stadium, used for sporting events, including its own Washington Commanders Football Team home games.

2

7.     The Stadium and Pro-Football, Inc. are hereinafter collectively referred to as "Defendants."

## BACKGROUND

8.     On September 15, 2019, Plaintiff Hendrickson attended the Washington Football team's game against the Dallas Cowboys with his brother.

9.     During the game, the stadium chair he was sitting on broke apart and he collapsed to the floor feeling immediate pain in his left knee.

10.    Plaintiff Hendrickson made his way to customer service, waiting in line for some time before he finally received any ice after asking multiple people and waiting a while.

11.    This entire time Plaintiff's knee was swelling and hurting.

12.    Stadium EMTs looked at Plaintiff and recommended he see a doctor; an incident report was filled out and he was interviewed by a team representative, and then he left.

13.    Plaintiff Hendrickson received an MRI on September 17, 2019, which demonstrated a tear of the medial meniscus and was referred to an orthopedic surgeon.

14.    On October 29, 2019, Plaintiff had a diagnostic left knee arthroscopy with partial medial and lateral meniscectomies and was referred to physical therapy.

15.    After 26 sessions of physical therapy, Plaintiff still experienced some knee pain and swelling at varying levels of pain.

16.    By March 2020, Plaintiff's pain and knee swelling increased once again resulting in difficulties with activities of daily living, such as mowing the lawn and playing with his young children.

17. By November 2020, Plaintiff's right knee was too experiencing compensatory symptoms and severe pain in his right knee.

18. His new pain was contributed to his right knee overcompensating from the left knee injury, as told to him during a doctor visit in May 2021.

19. Due to continued pain and swelling, and persistent inability to return to his previously active lifestyle, Plaintiff underwent a right knee meniscus repair on June 8, 2021 and attended 15 additional physical therapy sessions through September 15, 2021.

20. Plaintiff has been receiving injections every six months to manage the pain.

21. However, his knee continues to swell, and it was recommended he have a total knee replacement to no longer experience pain still lingering from the meniscus removal.

22. If Plaintiff chooses to undergo a total knee replacement, he will no longer be able to engage in the sporty and active lifestyle he once led before the stadium chair broke and will be immobile for several months while he recovers; in the meantime, he will continue physical therapy sessions again shortly and keep receiving injections biannually.

## NEGLIGENCE
### Count I

23. Each of the preceding paragraphs is incorporated by reference herein.

24. Defendants, Stadium and Pro Football, Inc., their agents, servants, and employees had a duty to exercise ordinary care and caution in the ownership, management, maintenance and control to ensure all seating areas in the entire stadium were maintained in a reasonably safe manner for the public and all visitors and sufficient to perform the very

function they were intended to: provide a safe seat during the entirety of whatever event the visitor is there for.

26. Defendants and their agents, servants, and employees were carelessly negligent in their duties, including, but not limited to:

   a. Failing to properly supervise the premises to make sure the premises is free from hazards which were recognized or should have been recognized by Defendants as causing or likely to cause harm to Plaintiff and others;
   b. Failing to maintain the premises in a safe condition to ensure all chairs/seating on the premises would not cause harm to Plaintiff and others;
   c. Failing to properly inspect, secure, enhance, or maintain the stadium seats on the premises as to ensure all available seating options were in stable and safe conditions for Plaintiff and others;
   d. Failing to warn visitors, including Plaintiff, of any instability or hazard of sitting on the stadium's seats;
   e. Otherwise failing to exercise the degree of care required under the circumstances; and
   f. Being otherwise negligent.

26. Defendants, their agents, servants and/or employees, knew, or upon reasonable and routine inspection should have known of, the condition and defects alleged herein.

27. As a direct and proximate result of the aforesaid careless and negligent acts of Defendants, the seating available at the Stadium was inadequate, insufficient, deteriorated, unmaintained, and uninspected causing Plaintiff Hendrickson to fall when his chair collapsed and sustain injuries of a personal and pecuniary nature, medical expenses, lost wages, pain, suffering, disability and disfigurement and loss of a normal life both in the past and in the future.

**WHEREFORE** because Plaintiff has and will suffer economic damages as well as severe emotional and mental pain and suffering due to the failures of Defendants, Plaintiff seeks damages in excess of $75,000.00 representing both economic and non-economic

damages as allowed by law including medical bills, mental pain and suffering, mental anguish, loss of mental and emotional well-being, together with interest and costs of suit.

### JURY TRIAL DEMAND

Plaintiffs respectfully request a jury trial on all issued raised herein.

Dated: September 14, 2022

Respectfully submitted,

PAULSON & NACE, PLLC

*Christopher T. Nace*
Christopher T. Nace, Esq.
MD Client Fund ID #: 0409160001
1025 Thomas Jefferson St NW
Suite 810
Washington, DC 20007
Phone: 202-463-1999
Fax: 202-223-6824
ctnace@paulsonandnace.com
*Counsel for Plaintiff*

### CERTIFICATE OF GOOD STANDING

In accordance with Maryland Rule 1-313, I hereby certify that I am a member in good standing of the Maryland Bar and licensed to practice law in the State of Maryland with an office address in the District of Columbia.

*Christopher T. Nace*
Christopher T. Nace, Esq.

6